36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose L. AGREDANO, Petitioner-Appellant,
v.
Al GOMEZ, Warden, Respondent-Appellee.
 No. 93-16637.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1994.
Decided Sept. 1, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges, and MARSH.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Agredano's claim that the prosecution improperly referred to his failure to testify at trial is based on the following statement:
 
 
 4
 What are you gonna say next? Well, we'll say is was self defense. What else are you going to say? They certainly didn't have the honor and decency to call up the police and tell them what they did....
 
 
 5
 They've got to get another witness. That's what they got to do.... One of the main reasons they got a get another witness is because if they just call up the police at that point and say "Hey, something I want to tell you. You know that body you found out on Empire Mine Road? I was there when the shooting went down, but hey man, it was a--it was an accident or something, you know. We didn't murder nobody. This was just some kind of accident that went down." They'd have to answer some pretty embarrassing questions, wouldn't they? Like, if this whole thing was an accident, why didn't you report it? ...
 
 
 6
 ... They're not gonna answer those questions because they can't answer them....
 
 
 7
 Well, the easiest way out is you get somebody who will lie, who'll say she was in the car, who played dumb to a whole bunch of stuff.
 
 
 8
 (ER 20-21, TR 2999-3000)
 
 
 9
 This statement refers to Agredano's silence prior to his arrest, not exercise of his Fifth Amendment rights. "[T]he Constitution does not prohibit the use for impeachment purposes of a defendant's silence prior to arrest." Brecht v. Abrahamson, 113 S.Ct. 1710, 1716 (1993).
 
 
 10
 Agredano's attorney did not render ineffective assistance of counsel by reason of his not investigating more thoroughly the possible defense of drug and alcohol use. This was a reasonable tactical decision, not "deficient performance." Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). Defense counsel was trying to show that the defendants made a clear-headed decision to protect themselves against Saul Garcia's aggression. He tried to distance Agredano from Rodriguez by painting Agredano as a law abiding person who never used drugs. (RT 3301-02).
 
 
 11
 We are more troubled by the prosecutor's vilification of defense counsel. At closing argument the prosecution made the following remarks:
 
 
 12
 The defense are the ones who put on the lie about Debbie Cloud. Hard working, clean living, never been in jail, never been arrested. Never, never, never, never. They're the ones that put the lies on and just let them sit there....
 
 
 13
 * * *
 
 
 14
 ... She lied. Mr. Williams [Agredano's counsel] knows she lied. Mr. Williams doesn't do anything about it....
 
 
 15
 * * *
 
 
 16
 The accusation [that the prosecution was selling heroin to a witness in jail] is so desperate, so desperate, it's almost beyond imagination. Why do they do that? Why do they do that? They do it for one reason. Their defendants are guilty, and they know they're guilty.
 
 
 17
 * * *
 
 
 18
 (ER 27, 33, 36; TR 3327, 3333, 3336).
 
 
 19
 "Counsel are necessarily permitted a degree of latitude in the presentation of their closing summations. While courts must allow the prosecution to strike 'hard blows' based on the evidence presented and all reasonable inferences therefrom, they may not permit 'foul blows.' " United States v. Gwaltney, 790 F.2d 1378, 1385 (9th Cir.1986) (citations and quotations omitted).
 
 
 20
 This and other attacks on the integrity of defense counsel should not have been made. Agredano could have caused Cloud to lie for him by making her fear for her life, without telling his lawyer that she was lying or that he had made her do it. His lawyer might, depending on what he was told, even have had an obligation to assume that what his client and Cloud were telling him was true, and to put on Cloud's statement. It would not have been defense counsel's duty to judge Cloud's veracity and refuse to put her on if he personally did not believe her.
 
 
 21
 All three of us have tried quite a few cases, and all three of us believe we would have exercised our discretion to stop the attack on defense counsel. There were several things wrong with it. First, it undermined the dignity of the proceedings. Second, it diverted the jury from the issue, whether Agredano had committed the crimes charged. Third, unless defense counsel had guilty knowledge, a fact which the prosecutor could not know, the attack was unfounded. Any prosecutor who lacks the professional skill to prove that the defendant committed the crimes charged, so instead tries to prove that the defendant's attorney is a bad person, may be personally responsible for letting a criminal go free. Cf. Bruno v. Rushen, 721 F.2d 1193 (9th Cir.1983).
 
 
 22
 Nevertheless, we are not reviewing for abuse of discretion in this state habeas corpus case. Agredano is not entitled to habeas relief based on trial error unless he can establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 23
 In the context of what had gone on before we cannot say the Due Process Clause requires that we vacate this state conviction. Defense counsel stated that the prosecution's case was a confabulation, that the prosecution was keeping the jury in the dark and implied that the prosecution gave heroin to David Rael in jail to get a favorable testimony. The prosecutor had some basis for believing that defense counsel did know he was putting on false testimony, because of the witness's changes in her story, so sharp as not to allow for mere mistake, another witness's observation that there was no female in the car, and the report that Agredano had intimidated the witness.
 
 
 24
 AFFIRMED.
 
 LEAVY, Circuit Judge, dissenting:
 
 25
 I respectfully dissent from the majority's conclusion that the prosecutor's vilification of defense counsel did not constitute a violation of Agredano's constitutional rights.
 
 
 26
 The question before the panel is whether the prosecutor's comments about defense counsel constituted a violation of Agredano's Sixth Amendment right to counsel under Bruno v. Rushen, 721 F.2d 1193, 1195 (9th Cir.1983) (per curiam), cert. denied, 469 U.S. 920 (1984), or whether the comments were an "invited response" and did no more than "right the scale" previously tipped by defense counsel's own misconduct. United States v. Young, 470 U.S. 1, 12-13 (1985). "[Agredano] may obtain plenary review of [his] constitutional claims, but [he is] not entitled to habeas relief based on trial error unless [he] can establish that it resulted in actual prejudice[,]" i.e., "the error had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (citations and internal quotations omitted).
 
 
 27
 Without deciding whether or not the prosecutor's attack on defense counsel could be justified on the ground of "invited response," the majority concludes in essence that the prosecutor's comments were not wide of the mark because defense counsel put on a witness whose credibility was destroyed on cross-examination. With this I cannot agree. It is fundamentally improper for a prosecutor, without supporting evidence, to accuse defense counsel of lying. Bruno, 721 F.2d at 1195. "[S]ome basis for believing," see memorandum at 5, is not supporting evidence.
 
 
 28
 Under the circumstances, I believe that the prosecutor's comments were substantial and injurious and resulted in actual prejudice to Agredano's defense, and would hold that the comments constituted a violation of Agredano's Sixth Amendment right to counsel.
 
 
 
 *
 The Honorable Malcolm F. Marsh, District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3